UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.11-80079-cr-MARRA/HOPKINS

UNITED STATES OF AMERICA

vs.

CRAIG E. MESKIN,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and CRAIG E. MESKIN (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to COUNT ONE of the INFORMATION, which count, as more fully described in the information, charges that the defendant did willfully make and subscribe a 2007 United States Individual Income Tax Return, IRS Form 1040, which was verified by a written declaration that it was made under the penalties of perjury and filed with the IRS, which tax return he did not believe to be true and correct as to every material matter in that the tax return reported S Corporation income on line 17 as $45,365.00, and taxable income on line 43 as $164,981, whereas, as he then and there well knew and believed, the income and taxable income were substantially greater, all in violation of Title 26, United States Code, Section 7206(1).

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

"Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to **THREE (3)** years, followed by a term of supervised release of up to **ONE (1)** year. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to **TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000)**, **the costs of prosecution**, and may order **restitution**.

4. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of **$100** will be

imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. **The United States further agrees to recommend that the defendant be sentenced at the low end** of the guideline range, as that range is determined by the Court. The United States, however, will not

be required to make any motion and recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. The defendant agrees to cooperate with the Internal Revenue Service ("IRS") in its civil examination, determination, assessment, and collection of income taxes related to the defendant's **2004 through 2007 income tax returns** and further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest. The defendant agrees to provide the IRS any documentation in the defendant's possession and/or

control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing.  The defendant further knowingly and voluntarily agrees to waive any statute of limitations with respect to assessment and collection of the defendant's individual tax liabilities concerning tax years 2004 through 2007.

9. The defendant agrees to prepare and file accurate amended individual income tax returns for the tax years 2004 through 2007, by no later than the time of the defendant's sentencing.  The defendant also agrees to cooperate with the IRS and to pay all taxes, interest, and penalties due and owing to the IRS, including all taxes, interest, and penalties pursuant to Title 26 sections 6663 and 6651(f) on the defendant's individual liabilities for the tax years 2004 through 2007, by no later than the time of the defendant's sentencing.   The defendant agrees that the taxes due and owing to the IRS, excluding interest and penalties, for the tax years 2004 through 2007 are, at least, as follows:

| TAX YEAR | 2004 | ADDITIONAL TAX DUE | $14,944 |
| TAX YEAR | 2005 | ADDITIONAL TAX DUE | $18,061 |
| TAX YEAR | 2006 | ADDITIONAL TAX DUE | $17,388 |
| TAX YEAR | 2007 | ADDITIONAL TAX DUE | $25,723 |
| **TOTAL ADDITIONAL TAX DUE** | | | **$76,116** |

Nothing in this agreement shall limit the IRS in its civil determination, assessment, and collection of any taxes, interest, and/or penalties that the defendant may owe.

10. The defendant agrees that any statements made by the defendant to the IRS and/or in this agreement shall be admissible against the defendant without any limitation in any civil or criminal proceeding and the defendant stipulates to the authenticity and admissibility, in any civil or criminal proceeding, of any documentation provided by the defendant to the IRS.  The

defendant hereby waives any protection afforded by Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure with regard to any such statements and documentation.  In the event that the defendant withdraws from this agreement prior to pleading guilty and/or fails to fully comply with any of the terms of this agreement, the United States will, at its option, be released from its obligations under this agreement, but under no circumstances shall the defendant be released from the agreements and waivers made by the defendant in this and the preceding two paragraphs.

11. This is the entire agreement and understanding between this Office and the defendant.  There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 6-15-11     By: _____
                      KERRY S. BARON
                      ASSISTANT UNITED STATES ATTORNEY

Date: 6-15-11     By: _____
                      LILLY ANN SANCHEZ, ESQ.
                      ATTORNEY FOR DEFENDANT

Date: 6/15/11     By: _____
                      CRAIG E. MESKIN
                      DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.11-80079-cr-MARRA/HOPKINS

UNITED STATES OF AMERICA

vs.

CRAIG E. MESKIN,

    Defendant.
_____/

**FACTUAL PROFFER**

The United States would prove each of the elements of filing a false United States Individual Income Tax return, form 1040, for tax year 2007 through the testimony of witnesses and the introduction of documents including but not limited to the 2007 United States Individual Income Tax return, form 1040; conflicting sets of income records; records of patient payments; as well as records of bank deposits.   In sum, the United States would prove the following:

The defendant, CRAIG E. MESKIN, is a practicing dentist with an office in Coral Springs, Broward County, Southern District of Florida.  At the time of the offense, the defendant was married and living in Boca Raton, Florida.  The defendant operated his dental practice as an S corporation.

Dr. Meskin subscribed to his 2007 United States Individual Income Tax return,

form 1040, under the penalties of perjury, which tax return falsely reported his S corporation income on line 17 as $45,365.00, and his taxable income on line 43 as $164,981 and as he then and there knew and believed that his income and tax due was materially greater.

The defendant would receive cash payments in the normal course of his business. He encouraged cash payments by offering discounts for his dental services when the payments were made in cash.  Dr. Meskin would pocket these cash payments.

In the normal course of his practice, payments for dental services made by check would be individually listed on bank deposit slips and, next to each check payment, the slip would identify the patient.  The deposit slips would not include cash payments.  On at least one occasion, when cash was reflected on the deposit slip, it was crossed out and initialed by Dr. Meskin prior to making the deposit.

In addition, Dr. Meskin maintained at least two sets of financial records. His "Easy Dental Software" records would reflect all payments to his practice, including cash payments.  A Quickbooks program, into which he made entries, excluded the cash payments. On more than one occasion, Dr. Meskin was questioned about the failure to record cash payments in the Quickbooks program.  Nonetheless, this program was directed by him to be given to an accounting firm to prepare his business and individual

tax returns.

Far from unique, this failure to record and report cash payments occurred over several years. When his private office was searched, the government found over $45,000 in cash. In 2007, he failed to report approximately $75,000 in cash receipts.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: June 15, 2011          By: _____
                                  KERRY S. BARON
                                  ASSISTANT UNITED STATES ATTORNEY

Date: June 15, 2011          By: _____
                                  LILLY ANN SANCHEZ, ESQ.
                                  ATTORNEY FOR DEFENDANT

Date: June 15, 2011          By  _____
                                  DR. CRAIG E. MESKIN
                                  DEFENDANT